This case presents a boundary line dispute between coterminous landowners. We affirm.
The location of the boundary between the parties was highly disputed for a number of years before this suit was filed, and the testimony at the trial of the case before the judge, sitting without a jury, was conflicting. The judge found in favor of the plaintiff as to both disputed boundaries, evidently on the ground that the plaintiff, even though not having record title, had acquired the parcels by adverse possession.
We agree with the appellants' contention that in an adverse possession case the claimant must prove by clear and convincing evidence "open, notorious, hostile, continuous, and exclusive possession for only 10 years." Lilly v. Palmer, 495 So.2d 522
(Ala. 1986); Tidwell v. Strickler, 457 So.2d 365, 368 (Ala. 1984); Grooms v. Mitchell, 426 So.2d 820, 822 (Ala. 1983); nevertheless, when a trial court hears a case ore tenus, its findings of fact are presumed correct, and this Court will not reverse a judgment based on those findings unless it is plainly erroneous or manifestly unjust. Chism v. Hicks, 423 So.2d 143
(Ala. 1982). This presumption of correctness in ore tenus cases is especially strong in adverse possession cases because the evidence in adverse possession cases is usually difficult to weigh from the vantage point of an appellate court. Lilly v. *Page 715 Palmer, supra; Scarbrough v. Smith, 445 So.2d 553 (Ala. 1984). Witnesses in adverse possession cases frequently testify to the existence of "lines, locations, distances, monuments, culverts, fences and the like" by pointing or verbally referring to a diagram. Barnett v. Millis, 286 Ala. 681, 684, 246 So.2d 78, 80
(1971).
Our review of the trial court's finding is made doubly difficult in this case because the court reporter lost the transcript of the evidence, and the parties attempted to use Rule 10 (d), Ala.R.App.P., but could not agree upon what the evidence showed; whereupon the trial court entered the following order:
 "The Court has attempted without success to locate trial notes in the above-styled cause. However, the Court does have some independent recollection of the testimony presented at trial, and the Court has carefully reviewed the parties' statements of the evidence made pursuant to Rule 10 (d), Alabama Rules of Appellate Procedure.
 "As stated by the parties the above-styled cause is a land line dispute. The deeds in both appellants' and appellee's claim of title shed only a little light on the true location of the land line in dispute due to certain inadequacies in the description contained therein. In addition, the tax maps introduced were helpful only in locating the land generally.
 "The land in question is rural undeveloped land. Over the years there have been limited farming and spot timber operations. There are a number of reasons that both tracts have not been completely exploited over the years. Some of these reasons are topographical. That is to say, some of the land could not be economically used.
 "The ruling in this case was made after considering the totality of the evidence produced and the demeanor of the witnesses testifying. In addition no one anticipated that he would be called upon to specifically enumerate testimony given. Consequently, it is difficult to say that the statement of facts presented by either party is inaccurate. There is no question that the facts in this case have been hotly disputed since before the inception of the instant litigation. During the course of trial, testimony was given concerning old fencing which is present in some trees. At the outset it is important to note that there was no testimony of an existing old fence which runs for any significant length. Most of the fencing found was short pieces which [were] originally affixed to trees. The trees have now grown around the fencing. Furthermore, there was testimony that fences had been built in the disputed area for purposes other than to mark land lines and that those fences were simply abandoned when they were no longer needed. Consequently, evidence concerning the existence of old fencing was only partially helpful.
 "Appellant testified concerning land use north of a fence constructed by him. He did testify that he did not intend for the fence to be the line. However, there was evidence to show that through the years land use has run generally to the line marked by appellant's fence.
 "There was testimony concerning an old Indian mound although the location of the land line in relation to the Indian mound was in dispute. None of the witnesses testifying concerning the Indian mound could accurately tie the mound into land line locations. Consequently, location of the Indian mound was only partially helpful. It should be noted that the Court is of the opinion that the location of the land line established by decree is not inconsistent with testimony concerning the Indian mound.
 "In addition to testimony mentioned above concerning cultivation north of the fence mentioned above appellee presented testimony showing spot timber operations south of the cultivated area. Appellant did not present evidence contrary to this testimony.
 "In regard to the land lying on each side of Cornhouse Creek both sides presented evidence which tended to support their claims. However, after *Page 716 
considering the totality of the evidence including testimony concerning land use and reputation in the community, the Court was satisfied that appellee's contentions were and are correct.
 "As stated several times supra the facts in this case were and are contested. The Court cannot state that the statement[s] of facts submitted by counsel are inaccurate. However, after comparing the testimony presented in light of thorough cross-examination, the location of the land line separating appellant and appellee became apparent."
The trial court amended this order and stated:
 "The Court cannot say that counsel for either side has misstated any facts. However, the Court gave more weight to the testimony presented by the prevailing party in light of the totality of the evidence and the appearance and demeanor of the witnesses at trial."
The burden is on the appellant to present a record containing sufficient evidence to warrant a reversal. Trimble v. City ofPrichard, 438 So.2d 745 (Ala. 1983). The appellant cannot state or argue facts in brief that are not supported by the record.Varner v. Carr, 291 Ala. 654, 286 So.2d 294 (1973); Green v.Standard Fire Ins. Co., 398 So.2d 671 (Ala. 1981). Four pages of appellants' statement of the facts are taken up with a narration of supposed testimony of witnesses, and throughout the argument portion of the brief, counsel refers to supposed testimony of various witnesses, but none of it is supported by the record and this Court should not, and does not, consider it.
There are several other familiar principles which this Court should consider. The Court, in its final judgment clearly set out the metes and bounds of the two parcels in dispute, and included a plat as a part of the decree for illustration purposes and to fix the true boundaries, although the trial court did not make specific findings of fact, other than to state that, after considering all the evidence, it concluded that the contentions of the plaintiff/appellee (Phillips) were correct.[1]
We assume, on review here, that the trial judge found facts that would support the judgment rendered. Aetna Ins. Co. v.Spring Lake, Inc., 350 So.2d 397 (Ala. 1977). This Court has also held that when all the evidence before the trial court is not before this Court, it is presumed that the missing evidence is sufficient to support the judgment and the judgment not be disturbed. Valley Mining Corp. Inc. v. Metro Bank,383 So.2d 158 (Ala. 1980); Ezell v. Ezell, 440 So.2d 560 (Ala.Civ.App. 1983); Smith v. Haynes, 364 So.2d 1168 (Ala. 1978).
Although there is no clear evidence in the record to support the trial court's finding of adverse possession, we must apply the rule that when all the evidence before the trial court is not before this Court, we must assume that the missing evidence is sufficient to support the judgment and it will not be disturbed. Valley Mining Corp. v. Metro Bank, supra.
Appellants also argue that the trial court improperly received certain documents into evidence and improperly allowed a witness *Page 717 
to use a plat or document not prepared by him to verify his testimony. Appellants cite no authority to support their contention that error was committed here. On appeal, this Court will address only those issues presented, and for which supporting authorities have been cited to the Court. Stover v.Alabama Farm Bureau Insurance Co., 467 So.2d 251 (Ala. 1986);Eady v. Stewart Dredging Construction Co., 463 So.2d 156
(Ala. 1985).
Our review of this case is severely hampered because we have before us no transcript of the evidence, but we assume that there was sufficient evidence introduced to support the judgment of the trial court. Valley Mining Corp. v. Metro Bank,supra.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.
[1] The trial court found that the land in question was rural undeveloped land that had not been completely exploited over the years because of topography and economics. To state it differently, the land was used to the extent feasible, given its condition. There are many old fences throughout the area, but none ran any significant distances and some were built for purposes other than to mark land lines. Gerald Seidler testified that he cultivated land north of a fence built by him, but did not intend it to be the line. The evidence showed, however, that through the years land use had run generally to the line marked by the Seidlers' fence. Phillips presented uncontradicted evidence of spot timber operations south of this line. This was the true boundary line of the strip as claimed by Phillips, and was so found by the trial court. As to the disputed portion along Cornhouse Creek, the court stated that both sides presented evidence tending to support their claims, but the court, considering the totality of the evidence and testimony concerning land use and reputation in the community, found for the plaintiff. Thus, we say that it cannot be argued that there was no credible evidence to support the trial court's decision.