BRADLEY, Presiding Judge.
This is an appeal from a case involving the tortious blocking of a private alley.
The plaintiffs-appellees, Lester Buryn and wife Susan Buryn (Buryns) and Robert H. Bellah and wife Anne K. Bellah (Bel-lahs), brought an action for injunctive relief and mandatory damages against the defendants-appellants, William Stevenson and Frieda Stevenson (Stevensons), and requested an adjudication and declaration of rights and interests of the particular parties in regard to a private alley abutting the properties of the parties; a permanent injunction to prohibit the obstruction of egress and ingress of the alley; and $10,-000 in damages. A jury trial was requested and granted. A jury trial was conducted and a verdict was returned in favor of the Buryns and Bellahs. Included in the verdict was a $10,000 damage award in favor of plaintiffs and against defendants. *833 The Stevensons filed a motion to alter, amend, or vacate a judgment and/or motion for jnov and/or motion for new trial. The court denied the motions and the Ste-vensons appeal.
The Buryns, Bellahs, and Stevensons were neighbors, owning three adjoining lots, each abutting a private alley which was shown on the subdivision map prepared by the original developer. The alley serves as a common means of ingress and egress for the three adjoining lots. The Buryns and Bellahs claimed, and William Stevenson admitted, that the alley was blocked by Mr. Stevenson’s car. Frieda Stevenson denied having any knowledge of this blocking by Mr. Stevenson since she had moved from the premises at least one year prior to the complaint being filed. The Stevensons claimed title to the alley either by adverse possession, by implied grant, or by title passing appurtenant to the property owned by them. The record reveals a long history of disputes between the Stevensons and the prior owners of the adjoining lots. The record further reveals that Frieda Stevenson was involved in litigation over the alley against a prior owner of an adjoining lot, Ora McGowan, in 1966.
Service of process was properly made. Mr. Stevenson, an attorney, elected to represent himself. He and Frieda, his estranged wife, discussed separate counsel for her but she decided to have her husband represent her interests in the litigation. She did not appear at the trial.
No transcript was made of the trial proceedings heard by the jury. The verdict returned by the jury was in favor of the Buryns and Bellahs. A posttrial motion raised the issue that no proof was submitted against Frieda, that she was not charged with the actual tort committed, and that her presence in the suit was merely because she was the owner of the lot which her husband, William Stevenson, had deeded to her in 1960. The court denied the posttrial motion and the Stevensons contend the trial court erred in doing so in that the verdict was contrary to the evidence and that no charge or proof was submitted against Frieda Stevenson on which to sustain a money judgment. We disagree.
The trial court, in denying the posttrial motion for new trial, determined that Frieda Stevenson had ratified the acts of her husband under agency principles of law and therefore she had properly been adjudged liable. The court cited as authority Tuskegee Institute v. May Refrigeration Co., 344 So.2d 156 (Ala.1977).
“ ‘It is an established principle of the law of agency that where a person acts for another who accepts or retains the benefits or proceeds of his efforts with knowledge of the material facts surrounding the transaction, such other must be deemed to have ratified the methods employed, as he may not, even though innocent, receive or retain the benefits of, and at the same time disclaim responsibility for, the measures by which they were acquired. This general principle applies, for example, to an unauthorized contract effected, an unauthorized sale or lease of property made, or an unauthorized loan procured on behalf of the principal or purported principal. If the agent procures a contract by fraudulent or corrupt practices, although the principal has not been privy in any way to such conduct of his agent, yet by claiming the benefit of the contract, he must take it tainted as it may be with such practices.’ ”
Tuskegee, supra, quoting 3 Am.Jur.2d, Agency, § 175, pp. 560, 561 (emphasis omitted). The court’s order provided:
“Plaintiffs argue that Defendant, Frieda Stevenson, knew or should have known of the acts of her husband, William Stevenson, concerning the disputed alley. While she was not living at the house during the period when these Plaintiffs were injured, she did live there when her husband began his attempts to claim ownership of all or part of the alley. At the very least she learned of her husband’s actions toward Plaintiffs in the instant case when she was served the summons and complaint. According to William Stevenson’s testimony, separate representation was discussed with *834 his wife, who opted to leave her case in his hands. After this time the Defendants’ pleadings indicate the plural possessive, as is most notable in their claim of adverse possession of the alley abutting the property which was held in her name.
[[Image here]]
“In the instant case, Frieda Stevenson acquired knowledge of her husband’s acts at least upon service of process. Thereupon she accepted his representation, and the benefits had they prevailed, that would have inured to her property through her husband’s acts. Since she would have gained from his acts had they prevailed, she must likewise accept responsibility for these acts when they are found to be tortious.”
It is well settled in this state that a verdict rendered by a jury is presumed to be correct, and such a verdict will not be disturbed on appeal unless it is without supporting evidence or is found to be so contrary to the evidence as to render it wrong and unjust. Harris v. Meadows, 477 So.2d 374 (Ala.1985). The trial court’s refusal to grant a new trial serves to strengthen this presumption of correctness of a jury verdict. Bradford v. Kimbrough, 485 So.2d 1114 (Ala.1986). In the instant case there are several added presumptions which govern our standard of review in this case. In an ore tenus hearing the findings of fact are presumed correct and this presumption is even stronger in cases of adverse possession. Seidler v. Phillips, 496 So.2d 714 (Ala.1986). Review is made even more difficult when there exists no transcript of the proceedings and no statement of the evidence under Rule 10(d), Alabama Rules of Appellate Procedure. In the absence of a transcript of the evidence, we must assume, upon review, that the trial court and jury found facts that would support the verdict and judgment that was handed down. Seidler, supra. The Alabama Supreme Court has held that when all the evidence that was before the trial court is not before the reviewing court it will be presumed that the missing evidence is sufficient to support the judgment and as such the judgment will not be disturbed on appeal. Seidler, supra.
Thus, m the instant case we must presume that the trial court and jury had sufficient evidence that Frieda had knowledge of her estranged husband’s acts and that her actions constituted a ratification.
As to the Stevensons’ contention that the verdict was contrary to the evidence, without a record of the evidence presented to the jury, we are bound by the presumptions accorded to a trial court’s judgment. Moreover, we must affirm its decision unless it is shown that the verdict and judgment were without supporting evidence. Kent v. Singleton, 457 So.2d 356 (Ala.1984).
The Stevensons also argue that the agency issue was not submitted to the jury by the trial court. Without a record containing the court’s instructions to the jury and objections thereto, if any, we must assume that the jury was properly instructed on the law applicable to the case without objection. Seidler, supra.
This judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.