EDWARD N. SCRUGGS, Retired Circuit Judge.
In this alimony arrearage case, the former wife (plaintiff) contends on her appeal that the trial court incorrectly computed the arrearage of alimony payments due to her by her former husband (defendant) and that, as a consequence of those miscalculations, the trial court unlawfully modified vested alimony.
The plaintiff sought to place the defendant in contempt of court for his failure to make periodic alimony and alimony-in-gross payments, which total $450 per month. The trial court’s judgment, which was dated December 9, 1986, recited that the trial court had heard testimony and viewed evidence at the trial on the plaintiff’s motion. The trial court found the defendant to be in contempt of court, with his arrearage being determined to be $5,100.
The defendant duly filed a motion for a new trial or to alter, amend, or vacate the December 9, 1986, judgment. The trial court’s judgment concerning that motion was filed on February 12, 1987. It was recited therein that the trial court had again heard and considered testimony as was presented to it. That judgment amended the December 9, 1986, judgment by establishing that the defendant’s arrear-age in alimony payments through the month of January 1987 was $3,250. The defendant was again adjudged to be in contempt of court.
The plaintiff timely filed a motion for a new trial or to alter, amend, or vacate the February 12, 1987, judgment. After hearing oral testimony that was presented by the respective parties, the trial court overruled the plaintiffs motion on May 29, 1987. The plaintiff timely appealed.
In evidentiary contested alimony arrearage cases, the amount of any delinquency is a factual matter to be determined by the trial court after a due consideration of the trial evidence. Here, the judgments of December 9, 1986, February 12, 1987, and May 29, 1987, each declared that the particular judgment was rendered after considering evidence which had been presented to the trial court as to the particular motion then under consideration. None of the testimony which was heard by the trial court on either of those three occasions, or an authorized substitute therefor, is included in the appellate record. Consequently, no trial testimony is before us which may be reviewed in order to decide the factual issue of whether the trial court incorrectly computed the amount of past-due alimony in its February 12, 1987, judgment. Under these circumstances, we are required to conclusively presume that the trial testimony supported the February 12, 1987, and May 29, 1987, findings and judgments, and we have no alternative but to affirm those judgments. Seidler v. Phillips, 496 So.2d 714 (Ala.1986); Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App. 1987); Evans v. Evans, 504 So.2d 318 (Ala. Civ.App.1987).
The plaintiffs request for an award of an attorney’s fee on appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.