In this unemployment compensation case, the employee has appealed from an adverse final judgment of the trial court which was rendered after an ore tenus trial.
The employee contends that there is no dispute in the evidence. On the other hand, the Department of Industrial Relations contends that the evidence conflicted. The record does not contain a transcript of the evidence. When the evidence which was presented to the trial court is not before an appellate court, it must be conclusively presumed by the appellate court that the missing evidence is sufficient to support the final judgment, and that judgment will be affirmed.Seidler v. Phillips, 496 So.2d 714 (Ala. 1986); Simmons v.Simmons, 516 So.2d 1389 (Ala.Civ.App. 1987).
Even if a transcript of all of the evidence were before us, the judgment would still be affirmed since the employee did not cite in his brief any authority to support his argument as is required by Rule 28(a)(1) and (5) of the Alabama Rules of Appellate Procedure. It is neither our duty nor our function to do all of the legal research for an appellant and, where an appellant fails to cite any authority, we may affirm.Henderson v. Alabama A M University, 483 So.2d 392 (Ala. 1986).
The final judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this *Page 1327 
opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.