This appeal involves a boundary line dispute between coterminous landowners. The plaintiffs, Norman Smith and his wife, Vicenta Smith, appeal from a judgment of May 11, 1989, in favor of the defendants, Roland Smith and his wife, Dee Smith. The plaintiffs were represented by counsel at trial, they prosecute this appeal pro se. The record on appeal consists of the clerk's record and a supplemental record. No transcript of the evidence in the original trial is included.
We find that this case is controlled by this Courts decision in Seidler v. Phillips, 496 So.2d 714 (Ala. 1986), wherein we stated:
 "[When a case is presented ore tenus to the court, without a jury, the trial court's] findings of fact are presumed correct, and this Court will not reverse a judgment based on those findings unless it is plainly erroneous or manifestly unjust. This presumption of correctness in ore tenus cases is especially strong in adverse possession cases because the evidence in adverse possession cases is usually difficult to weigh from the vantage point of an appellate court. Witnesses in adverse possession cases frequently testify to the existence of 'lines, locations, distances, monuments, culverts, fences and the like' by pointing or verbally referring to a diagram.
". . . .
 "The burden is on the appellant to present a record containing sufficient evidence to warrant a reversal. The appellant cannot state or argue facts in brief that are not supported by the record. Four pages of appellants' statement of the facts are taken up with a narration of supposed testimony of witnesses, and throughout the argument portion of the brief, counsel refers to supposed testimony of various witnesses, but none of it is supported by the record and this Court should not, and does not, consider it.
". . . .
 "We assume, on review here, that the trial judge found facts that would support the judgment rendered. This Court *Page 73 
has also held that when all the evidence before the trial court is not before this Court, it is presumed that the missing evidence is sufficient to support the judgment and the judgment not be disturbed.
 "Although there is no clear evidence in the record to support the trial court's finding of adverse possession, we must apply the rule that when all the evidence before the trial court is not before this Court, we must assume that the missing evidence is sufficient to support the judgment and it will not be disturbed."
496 So.2d at 714-16 (citations omitted).
The appellants have filed a lengthy brief encompassing their narration of the evidence, including diagrams and photographs, but their brief is not supported by the record. As we stated inSeidler, this Court will not consider facts not supported by the record. Further, it is presumed, when all of the evidence is presented ore tenus to the trial court and part of the evidence is missing from the record, that the missing evidence is sufficient to support the trial court's judgment. Here, as in Seidler, there is no transcript of the evidence; therefore, we must apply the rule that the missing evidence is presumed sufficient to support the judgment.
For these reasons, we affirm the judgment of the trial court dated May 11, 1989.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.