RUSSELL, Judge.
This is the second time that this workmen’s compensation case has been before this court. On August 30, 1990, Tinney & Associates, Inc., (employer) appealed from an order of the trial court which entered a judgment in favor of Opal Parham (employee). Thereafter, this court reversed and remanded the case with instructions for the trial court to ascertain whether the employee had sustained a loss of ability to earn. See Tinney & Associates, Inc., v. Parham, 579 So.2d 639 (Ala.Civ.App.1991). On remand, the trial court entered an order finding that the employee had sustained a thirty-five percent loss of earning capacity. The employer again appeals, contending that the trial court erred in finding that the *491 employee had sustained a loss of ability to earn without a hearing at which witnesses testified. We affirm.
Our two-step standard of review in a workmen’s compensation case is as follows: “Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.” Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991).
The record contains findings of fact and the judgment of the trial court, which included an extensive summary of the evidence presented ore tenus. Included in that summary was a detailing of the medical treatment received by the employee, which was considerable, and the statement that a vocational counselor gave the employee a vocational disability of seventy percent. The record does not contain a transcript of the evidence presented at the hearing, but does contain depositions of two doctors who treated the employee.
Although the employer argues that there is clear and convincing evidence that the employee did not suffer a loss of ability to earn, the judgment of the trial court indicates otherwise. Without a transcript of the proceedings held before the trial court, this court will presume that the evidence and testimony presented were sufficient to support the judgment, Lokey v. State Department of Industrial Relations, 527 So.2d 1326 (Ala.Civ.App.1988), that is, that there is legal evidence to support the trial court’s findings and that any reasonable view of that evidence supports the trial court’s judgment. Eastwood Foods, 575 So.2d 91.
The employer additionally argues that the trial court erred when it made a finding as to the loss of ability to earn without an evidentiary hearing. However, the record indicates that a hearing was held on April 11, 1990, with testimony presented. The employer presents no authority which supports the proposition that the trial court must take additional evidence on remand of a case for a finding as to loss of ability to earn. Therefore, based on the above, we find that this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.