Wiley W. Reed and Patsy A. Reed appeal from a judgment granting injunctive and other relief to the City of Hoover.
The Reeds own certain real estate in Hoover, Alabama. Their property is a "through lot," situated between Summit Cove and Shades Crest Roads. A "through lot" is defined in the Hoover City Code, Appendix I — Zoning, as "[a] lot which abuts two (2) parallel or approximately parallel streets." *Page 36 
Because a "through lot" adjoins two streets, it is considered by the Hoover zoning regulations to have two "front yards," even though one of those yards is to the rear of the residence. See Hoover City Code, Appendix I — Zoning, Art. VII, § 2.1(C).
In 1993, when the Reeds bought the property, they planned to construct a fence in the yard behind their residence. They were told that they would have to obtain permission from the Hoover Planning and Zoning Board ("the Board") because the zoning regulations prohibited fences in "front yards." The Reeds began to construct a fence without obtaining the Board's consent. When the fence was nearly complete, City inspectors told the Reeds to stop construction and remove the fence or obtain a variance from the applicable Hoover zoning ordinance.
The Reeds finished building the fence and then applied to the Board for a variance; the Board denied the variance in September 1993. The Reeds did not appeal.
In February 1994, the City filed a complaint in the circuit court, seeking injunctive relief. The Reeds answered and counterclaimed, alleging, among other things, that the zoning ordinance did not prohibit the fence and that the City's action was arbitrary and capricious. The City answered the counterclaim, contending that because the Reeds did not appeal the denial of their request for a variance, the doctrine of res judicata barred them from asserting the issues raised in their answer and counterclaim.
The circuit court conducted an evidentiary proceeding, but the record on appeal contains no transcript of that proceeding. Ultimately, the circuit court held that, by not appealing the decision of the Board, the Reeds had failed to exhaust their administrative remedies and they were thus barred by the doctrine of res judicata from arguing either the nonapplicability of the zoning ordinance or that the City had acted arbitrarily or capriciously. The circuit court granted the injunctive relief requested by the City. The Reeds appealed to the Alabama Supreme Court, and that court transferred the cause to us, pursuant to Ala. Code 1975, § 12-2-7(6). We reverse.
Generally, a party seeking relief from a zoning regulation must exhaust his administrative remedies before he enters a court of law. City of Gadsden v. Entrekin, 387 So.2d 829
(Ala. 1980). An exception to the exhaustion requirement exists, however, when the construction of a zoning ordinance is at issue. Ex parte Lake Forest Property Owners' Ass'n,603 So.2d 1045, 1047 (Ala. 1992); Entrekin, 387 So.2d at 833. In this case, the circuit court apparently determined that the construction of a zoning ordinance was not at issue. The court stated:
 "[T]he only possible construction of the regulation that is applicable is there are to be no fences in the front yards of a through lot. The court [is] unable to plausibly recognize any other interpretation of the regulation in its examination of the evidence."
The circuit court erred in deciding that the only possible construction of the Hoover zoning ordinances dictated a conclusion that fences were prohibited in the front yards of through lots. The applicable ordinances state:
 "A 'front yard' is '[a] yard or yards in the case of a corner lot, extending across the full width of the lot between the front lot line(s) and the nearest line of the main building.' "
Art. IV, Definitions, Hoover City Code, Appendix I — Zoning.
 "Through lots shall provide the required front yard on both sides."
Art. VII, § 2.1(C), Hoover City Code, Appendix I — Zoning.
 "Corner lots shall provide a front yard on each street side."
Art. VII, § 2.1(D), Hoover City Code, Appendix I — Zoning.
 "[N]o fence or wall shall be constructed in the front yard or yards in the case of a corner lot, of any structure located in a residential district except as required for a retaining wall or vehicle barricade."
Art. VII, § 4.0(A), Hoover City Code, Appendix I — Zoning. (Emphasis added.)
A reasonable construction of these ordinances is that fences are prohibited only in *Page 37 
the front yards of corner lots and are not prohibited in the front yards of through lots. We do not decide that issue, however. We hold only that the circuit court erred by concluding that "the only possible construction" of the Hoover zoning regulations dictated a conclusion that fences are prohibited in the front yards of through lots.
The circuit court held that the doctrine of res judicata barred the Reeds' claims. It stated:
 "The [Reeds'] failure to timely appeal the decision of the Board of Zoning Adjustment, dated September 2, 1993, serves as res judicata for their claim and entitles the [City] to pursue the appropriate equitable remedies necessary to vindicate [its] claim. Accordingly, the City of Hoover is entitled to the relief sought."
The first requirement for the application of the doctrine of res judicata is that a prior judgment has been rendered by a court of competent jurisdiction. Ex parte Shelby MedicalCenter, Inc., 564 So.2d 63, 68 (Ala. 1990). Res judicata is not a bar here, because the Reeds alleged that the City's actions were arbitrary and capricious and, as this court has previously held, a board of zoning adjustment has no jurisdiction to consider claims of arbitrariness and capriciousness. Beaird v.City of Hokes Bluff, 595 So.2d 903, 905 (Ala.Civ.App. 1992).
Nor is the doctrine of collateral estoppel a bar to the Reeds' counterclaim. That doctrine applies when an issue has actually been litigated and determined in a prior proceeding.Shelby Medical Center, 564 So.2d at 68. The Reeds' arbitrariness claim was not raised, litigated, or determined before the board of zoning adjustment.
Although the circuit court decided that the Reeds' claims were barred by the doctrine of res judicata, it nevertheless determined that one of those claims — the counterclaim alleging that the City had been arbitrary and capricious in its enforcement of the zoning ordinance — was meritorious. The court concluded:
 "The results in this case would be different had the Reeds appealed the denial of the variance within the fifteen days prescribed by law. The court would have found, after examining the evidence elicited in trial, that the ruling of the Board of Adjustment was capricious and arbitrary. The court came to this conclusion after a full and complete examination of the evidence presented at trial, including, but not limited to, reports of numerous other fences that extended into the front or rear yards of other lots within the close vicinity of the [Reeds'] home. All of these are in violation of the regulations . . . and should not have been allowed to be constructed. . . .
". . . .
 ". . . [I]t is this court's conclusion the [City] has selectively prosecuted the [Reeds] in this case and has allowed other homeowners to have fences where it has unjustly denied the [Reeds] such a barrier."
The circuit court's determination concerning the Board's arbitrariness and the City's selective prosecution of the Reeds is based on evidence that is not contained in the record before us. Without a transcript of the proceedings below, we must presume that the evidence presented was sufficient to support the trial court's conclusions. See Tinney Associates, Inc. v.Parham, 588 So.2d 490 (Ala.Civ.App. 1991); Lokey v. StateDep't of Industrial Relations, 527 So.2d 1326
(Ala.Civ.App. 1988).
We therefore reverse the circuit court's judgment granting the City injunctive relief and render a judgment in favor of the Reeds on the counterclaim.
REVERSED AND JUDGMENT RENDERED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur. *Page 38