706 So.2d 1251 (1997)
Julene R. PEARSON
v.
CITY OF HOOVER.
2960404.
Court of Civil Appeals of Alabama.
August 22, 1997.
Rehearing Denied September 26, 1997.
Certiorari Denied December 12, 1997.
*1252 David Cromwell Johnson and Calvin S. Rockefeller III of Johnson, Rosenthal, Liddon & Tuggle, Birmingham, for appellant.
Jack H. Harrison, Hoover, for appellee.
Alabama Supreme Court 1970047.
PER CURIAM.
Julene R. Pearson appeals from a summary judgment entered by the Jefferson County Circuit Court in favor of the City of Hoover on her appeal from an adverse decision of the City of Hoover Board of Zoning Adjustments (the "Board") on her request for a zoning variance. We reverse the summary judgment and render a judgment in favor of Pearson.
Pearson owns property located in the City of Hoover. Her lot is a "through lot," which is defined as a lot that is bordered by two parallel streets; in Pearson's case, her lot is bordered by Summit Cove Road and Shades Crest Road. The front of Pearson's home faces Summit Cove Road. However, under an ordinance enacted by the City of Hoover, Pearson has two front yards; because her lot is a through lot, both yards of the lot are considered front yards. See Hoover City Code, Appendix IZoning, Art. VII, § 2.1(C).
A Hoover city ordinance prohibits the erection of fences in front yards. Pearson applied to the Board for a variance from the operation of this ordinance, claiming that she needed to erect a fence to front Shades Crest Road because of the threat of burglaries, the existence of erosion from surface water, the potential liability to trespassers mistaking the rear of her lot for a vacant lot, and the dumping of debris, garbage, and trash on the rear of her lot. After the Board denied Pearson's request for a variance, she appealed to the trial court, seeking a de novo trial before a jury.
The City of Hoover filed a motion for a summary judgment as to Pearson's appeal, attaching evidentiary exhibits consisting of surveys of Pearson's property, a transcript of the proceedings before the Board, a transcript of Pearson's deposition, and an affidavit of the City's building official. Pearson filed a brief in opposition to the City's motion, contending, among other things, that the City was not entitled to a judgment as a matter of law, that genuine issues of material fact remained for resolution by a jury, and that the trial court's findings with respect to Pearson's next door neighbors' request for a variance concerning the Board's arbitrary enforcement of the fence ordinance compelled a finding for Pearson. The trial court granted the City's summary judgment motion and entered a judgment in favor of the City on Pearson's appeal; the trial court subsequently denied her Rule 59, Ala.R.Civ. P., post-judgment motion.
Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. No presumption of correctness attaches to the decision of the trial court regarding the summary judgment motion, and our review is de novo. Hipps v. Lauderdale Cty. Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ. App.1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992)). Moreover, when an appeal focuses on the application of the law to the facts, no presumption of correctness is accorded to the trial court's judgment and we review de novo the application of the law to the facts of such a case. Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996).
Although Pearson raises several issues on appeal, her argument as to issue preclusion is dispositive. In Reed v. City of Hoover, 695 So.2d 34 (Ala.Civ.App.1996), this court considered the appeal of Ms. Pearson's next-door neighbors, the Reeds, from a judgment denying them a variance. In Reed, the trial court's judgment in favor of the City of Hoover was based solely upon the application of the doctrines of res judicata and collateral estoppel, which the trial court held applicable *1253 because the Reeds did not appeal from the decision of the Hoover Planning and Zoning Board denying them a variance. In deciding the Reeds' appeal, we relied upon the following findings made by the trial court in that case:
"`The results in this case would be different had the Reeds appealed the denial of the variance within the fifteen days prescribed by law. The court would have found, after examining the evidence elicited in trial, that the ruling of the Board of Adjustment was capricious and arbitrary. The court came to this conclusion after a full and complete examination of the evidence presented at trial, including, but not limited to, reports of numerous other fences that extended into the front or rear yards of other lots within the close vicinity of the [Reeds'] home. All of these are in violation of the regulations ... and should not have been allowed to be constructed....
"`....
"`... [I]t is this court's conclusion the [City of Hoover] has selectively prosecuted the [Reeds] in this case and has allowed other homeowners to have fences where it has unjustly denied the [Reeds] such a barrier.'"
Reed, 695 So.2d at 37. Based upon the trial court's finding that the City of Hoover had arbitrarily and selectively enforced the ordinance and on our conclusion that the doctrines of res judicata and collateral estoppel did not apply to the Board's denial of a variance to the Reeds, we reversed and rendered a judgment in the Reeds' favor.
The judgment in favor of the Reeds binds the City of Hoover in this case as well, based upon the application of the doctrine of collateral estoppel, or issue preclusion. Our supreme court, in N & C Properties v. Windham, 582 So.2d 1044 (Ala.1991), set forth the following principles of law concerning when collateral estoppel precludes a litigant's assertion of a position that has been previously adjudicated to the detriment of that litigant:
"In Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978), we stated that ... the `requirements for collateral estoppel to operate are (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment.' ... The Wheeler requirements were refined in Constantine v. United States Fidelity & Guaranty Co., 545 So.2d 750 (Ala.1989), in which we enunciated two requirements for the application of the doctrine of collateral estoppel:
"`(1) The party claiming the benefit of the prior judgment as an estoppel against the adversarial party is one who would have been prejudiced by a contrary decision in the previous case; and (2) the party against whom the estoppel by judgment is sought either was an actual party in the previous case or was in privity with, or is a successor to the rights of, an actual party in the previous case.'
"Id., at 755-56. (Emphasis original.)"
582 So.2d at 1046. Clearly, the issue of arbitrary and selective enforcement of the front-yard fencing ordinance was an issue actually litigated and decided in Reed. Moreover, Ms. Pearson would have been prejudiced by a judgment in Reed that the City of Hoover had not arbitrarily or selectively enforced its ordinance, and the City of Hoover was a party in Reed. Under these circumstances, the City of Hoover is estopped to assert that Pearson is not also entitled to a judgment in her favor.
Because Pearson is entitled to a judgment in her favor as a matter of law, the trial court erred in entering the summary judgment in favor of the City of Hoover. Therefore, we reverse the summary judgment and render a judgment in favor of Pearson granting the variance on the authority of Reed.
REVERSED AND JUDGMENT RENDERED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.
*1254 CRAWLEY, Judge, dissenting.
I must respectfully dissent from the majority's reliance on the doctrine of collateral estoppel in this case. The doctrine of collateral estoppel applies only if "the parties to the second action [were] also ... parties to the first [action]." Jones v. Blanton, 644 So.2d 882, 886 (Ala.1994).
"This additional requirement, that the parties be the same in both actions, is known as the doctrine of mutuality of estoppel. It is a judicially created doctrine declaring that unless both parties in the second action are bound by the judgment in a previous case, neither party in the second action should be bound, i.e., a nonparty as to the first action may not use the prior judgment as determinative of the same issue in the second action."
Jones, 644 So.2d at 886 (citations omitted). Our supreme court noted that, "although many courts, including the federal courts, have dispensed with the mutuality requirement, it remains the law in Alabama." Id. (emphasis added).
Pearson was not a party to the Reed litigation. Therefore, the doctrine of collateral estoppel does not apply. I would affirm the judgment of the trial court.
THOMPSON, J., concurs.