253 So.2d 784

**Dorothy A. (Cummings) OAKES**

v.

**Quinton R. CUMMINGS.**

**5 Div. 17.**

Court of Civil Appeals of Alabama.

Oct. 27, 1971.

Speaks & Burnett, Clanton, for appellant.

Alvin B. Foshee, Clanton, for appellee.

WRIGHT, Judge.

This is an appeal from a decree modifying a prior divorce decree. The petition to modify was filed by the appellee in the court below. The parties hereto were divorced by decree dated September 25, 1965. By said decree complainant there—appellant here—was divorced from appellee on the ground of cruelty. Custody of the two minor children was divided between the parties. Appellant was given custody during the week in school term, and appellee on weekends. Custody was divided equally between the parties during summer vacation. Support for the children was ordered to be paid by appellee to appellant (except while they were in custody of appellee during the summer) in the amount of $125.00 per month, payable in payments of $62.50 on the first and fifteenth of each month.

Shortly after the divorce both parties remarried and established homes with their respective spouse. Both had other children by their subsequent marriages at the time of the hearing below. The older child of the parties, Diane, at the age of fifteen, married on April 1, 1967, with the consent of the appellee.

Appellant, after her remarriage on March 5, 1966, subsequently moved to Rock Springs, Georgia, with her husband, carrying her son Allen with her. Appellee had stopped making full payments of support on

February 1, 1967. He paid the total sum of $93.75 after that date and had made no payment in any amount after May 15, 1967. He admitted that he determined to pay no further support after appellant moved to Georgia and carried his son with her.

The petition to modify the decree of September 25, 1965 was filed by appellee on December 16, 1968. The petition alleged a violation of the original decree by appellant removing the child, Allen, from the jurisdiction of the court, secreting him and refusing the visitation and custodial rights of appellee. It was prayed that appellant show cause why she should not be held in contempt, and that appellee be granted the full custody of the child. A rule nisi was directed to appellant on December 17, 1968. She was directed to appear with the child on January 10, 1969. There does not appear any entry of service of the petition or the rule nisi.

An answer to the petition of December 16, 1968 and cross-petition was filed by appellant on March 4, 1970. The averments of the appellee's petition were denied and the cross-petition charged failure of appellee to pay support for Allen and to otherwise comply with the provisions of the original divorce decree. It further alleged that the child had required medical and hospital services and was in need of the unpaid support and of an order for increased support. Answer and cross-petition were certified as served upon appellee's attorney of record. The matter was set for hearing before the court for August 19, 1970. Nothing further appears of record until the filing of an amended petition by appellee in open court on October 26, 1970.

The amended petition prayed that the court determine that no support was owed for Diane because of her marriage; that appellant be held in contempt; that appellee be "released, discharged and recused" of any payments of support for Allen for failure of appellant to abide by the divorce decree; or that appellee be "released, recused and discharged" from payment of support for Allen since the filing of the petition of

December 16, 1968; and that the court render a decree for the best interest of the child, Allen.

Appellant, also in open court on October 26, 1970, filed answer to the amended petition. The court proceeded with a hearing ore tenus on October 26, 1970. Decree was rendered on December 16, 1970. It is from certain portions of this decree that this appeal was taken.

Appellant's first assignment of error is directed to the first declaration or order of the decree. That part of the decree is as follows:

"1. That the agreement of the parties and their attorneys for the adoption of the minor son be and the same shall be abided by."

We have closely read the transcript of the testimony and the exhibits. We can find no factual basis for a finding by the court that there was an agreement for adoption of the minor child.

It appears that subsequent to the filing of appellee's petition to modify on December 16, 1968, attorney for appellant wrote appellee a letter. This letter is a part of the record. The attorney stated to appellee that since he had not paid support for the child in a long time and that since the child's stepfather was fond of him and desired to adopt him, appellant would waive all past due and further support if appellee would consent to an adoption by the stepfather. A consent form to the adoption was enclosed for appellee's signature if he wished to sign it. He was further advised that the consent was required to be signed and returned by or before August 7, 1969.

It appears that appellee took the consent form to his attorney and signed it before him on August 15, 1969. It was forgotten by the attorney until he received a letter from appellant's attorney dated December 24, 1969. This letter related that appellee's petition to modify had been continued by agreement of the attorneys on April 18, 1969. It stated that the possibility of the adoption had been explored but nothing had resulted. It called attention to the fact that no support was being paid and that the child was in need. It further stated that unless support was paid, or arrangements made for the support, measures would have to be taken to recover it.

On December 27, 1969, appellee's attorney wrote appellant's attorney forwarding the signed consent to adoption and apologizing for having overlooked it so long.

There was introduced by appellee an agreement written by his attorney and signed by both appellee and his attorney. This agreement was dated August 29, 1969. It was prepared for filing in court in the present case, and its import was to waive all past and future support and any failure by appellee to comply with the original decree. It further agreed that the original decree be amended to conform to its terms. There was no evidence this instrument was ever seen or signed by appellant or her attorney. It was never filed in court. No adoption of the child Allen was ever begun.

■ The finding by the court that there was an agreement for adoption from the events related above is clearly not supported by this evidence.

■ Had there been such an agreement consummated between the parties to this case, an order or decree requiring its implementation would be improper. To "abide by" such agreement would involve action by the stepfather who is not a party and would require judicial action by a probate court over which the circuit court has no authority or right of direction. Such portion of the decree must be here set aside and reversed.

Appellant's second assignment of error is directed at the second declaration of the decree which is as follows:

"2. That petitioner is released, relieved, recused, and discharged from the payment of any child support, present or future."

■ Appellant in brief interprets this part of the decree to mean that any accrued

support under the original decree is released and recused. Appellee in brief accepts such construction. It appears that such was the intent and meaning of the court in rendering the decree. We so interpret the decree. Such a decree is contrary to law and must be set aside.

Installment payments for support of minor children decreed by the court become final judgments as of date due and may be collected as other judgments. Wood v. Wood, 275 Ala. 305, 154 So.2d 661. Such payments which mature or become due before the filing of a petition for modification are immune from change. Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147; Scott v. Scott, 265 Ala. 208, 90 So.2d 813; Epps v. Epps, 218 Ala. 667, 120 So. 150; Whitt v. Whitt, 276 Ala. 685, 166 So.2d 413.

Had the finding of the court that the parties agreed to a cessation of support for the minor child, Allen, or that the mother had waived or intended to waive the support payments decreed for the child's support, been sufficiently supported by the evidence, such agreement or waiver would have been of no effect. A mother may not waive support payments due a minor child from its father under a decree of the court, nor may support provisions of a decree be nullified by agreement between the parents. Morgan v. Morgan, supra; Hall v. Hall, 280 Ala. 275, 192 So.2d 727. The court was without authority to release, recuse or discharge appellee from payment of support payments which had matured and become due under the decree of December 16, 1965. No support payments for the benefit of Diane Cummings became due after her marriage on April 1, 1967. Morgan v. Morgan, supra.

Since it appears from the decree below that the declaration of numbered paragraph 2 thereof, that appellee is "released, recused and discharged from payment of any child support, present or future," was based upon a finding by the court that there had been an agreement or waiver by or between the parents as to support, and not upon need of the child, changed circumstances, or the father's ability to pay, we think it appropriate upon remandment and in the event of further prosecution by the parties, that consideration be given by the court to the matter of support of the minor child, Allen. Such consideration to be based upon the issues of the needs of the child and the ability of the parent to pay.

We would further respectfully remind the court that its declaration relieving the father of any future payment of support of his minor child is in derogation of the rule of equity in such cases. The court is always open for modification of a prior decree as to the support and custody of a minor child. We know of no way a decree in such cases may be so final as to discharge a parent or foreclose future consideration by the court of matters involving the support, custody and welfare of a minor child of which it has properly assumed jurisdiction if proper petition for such consideration be filed. Porter v. Porter, 216 Ala. 169, 112 So. 646; Fort v. Fort, 246 Ala. 83, 18 So.2d 870; Burleson v. Burleson, 269 Ala. 637, 114 So.2d 887.

For error in the decree appealed from this cause must be reversed and remanded.

Reversed and remanded.