20680

Marie Buchanan ZWERLING, Appellant, v. Martin H. ZWERLING, Respondent.

(244 S. E. (2d) 311)

*Richard E. Miley,* North Augusta, *for appellant.*

*C. Lavaun Fox,* of *Garvin, Grant, Fox, Nuessle, Zier & Burkhalter,* Aiken, *for respondent.*

May 10, 1978.

LEWIS, Chief Justice.

Appellant and respondent, both then residents of the State of New York, were married in that State on December 28, 1974, after appellant had, while a New York resident and

with the knowledge of respondent, obtained in July 1968, a bilateral Mexican divorce from her former husband. Subsequent to their marriage in New York, appellant and respondent established their residence in Aiken, South Carolina. After residing in Aiken for over one (1) year appellant instituted this action for divorce against respondent. One of the defenses interposed by respondent was that the parties are not lawfully married because the Mexican divorce decree is not "recognized in South Carolina." The lower court sustained this defense and granted summary judgment dismissing the complaint. This appeal is from the order for summary judgment. We reverse.

It is agreed that appellant and her former husband were domiciliaries of the State of New York at the time of the Mexican divorce. The Mexican divorce decree recites that appellant appeared personally in that proceeding and that her former husband filed an answer through his attorney. Appellant and respondent were New York domiciliaries before, during and after their marriage. The parties did not come to South Carolina until some time after their marriage in New York.

As a general rule, "the validity of a marriage is determined by the law of the place where it is contracted," 52 Am. Jur. (2d), Marriage, Section 80; and will be recognized in another state unless "such recognition would be contrary to a strong public policy of that State," *id.,* Section 82.

The facts in the case are similar to those involved in the New York case of *Rosenstiel v. Rosenstiel,* 16 N. Y. (2d) 64, 262 N. Y. S. (2d) 86, 209 N. E. (2d) 709, and that decision clearly shows that the Mexican divorce and subsequent marriage of the parties were binding under New York law. Since the marriage was valid in New York, where it was contracted, its validity will be recognized in South Carolina. We find no South Carolina public policy to prohibit a recognition of the present marriage under these facts.

The judgment is accordingly reversed and the cause remanded for further proceedings.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.