This is an appeal from a modification of a child support provision in a divorce decree. The issue on appeal is whether the trial court erred when it changed a lump sum child support payment to monthly child support payments.
The parties were divorced by order of the Circuit Court of Covington County on July 13, 1984. An agreement executed by the parties was incorporated into the final divorce decree. The agreement awarded custody of the minor child to the mother and provided for a lump sum child support payment of $10,000 to be paid by the father. The child support payment was to be paid when Mr. Petty received payment of a note due him from Eddie Johnson.
In April 1985 the wife petitioned the trial court to cite the husband for contempt. She alleged that he had failed to pay the $10,000 lump sum child support payment. The husband then filed a counterclaim seeking modification of the child support payment by turning the payment into a reasonable monthly payment of child support.
After an ore tenus hearing, the trial court ordered a modification of the original divorce decree by changing the $10,000 lump sum child support payment to a monthly child support payment of $275 per month. Mrs. Petty filed a motion for a new trial or, in the alternative, for a judgment for the plaintiff, which was denied by the trial court.
Mrs. Petty argues that the trial court erred in modifying the divorce decree. Her first contention is that a decree ordering a lump sum child support payment cannot be modified after thirty days have passed from the date of the decree or after the time for appeal has lapsed, where the decree does not expressly retain jurisdiction. Her second argument is that a trial court may not modify a child support payment after such payment has already become due.
It is well-settled law in this state that a trial court, without reservation of power, may, upon a change of circumstances, modify custody and support provisions of a divorce decree. Tucker v. Tucker, 280 Ala. 608, 196 So.2d 724
(1967); Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212 (1948). And in Cochran v. Cochran, 49 Ala. App. 178, 269 So.2d 884 (1970),rev'd on other grounds, 289 Ala. 615, 269 So.2d 897 (1972), the court states that in agreements amounting to property settlements which contain provisions for child support, a court, upon a showing of changed circumstances, may modify the child support provisions of the property settlement.
Another well-settled principle of law in this jurisdiction is that accrued installments of child support and alimony are not subject to change. Osborne v. Osborne, 57 Ala. App. 204,326 So.2d 766 (1976). Child support payments become final judgments as of the date due and may be collected as other judgments;Oakes v. Cummings, 47 Ala. App. 327, 253 So.2d 784 (1971); Woodv. Wood, 275 Ala. 305, 154 So.2d 661 (1963); and payments which mature or become due before the filing of a petition for modification are immune from change. Oakes v. Cummings, supra;Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963).
In the case at bar, the lump sum child support payment became due when Mr. Petty received payment from Eddie Johnson on April 3, 1985. At that time, Mr. Petty gave his minor child $3,500 of the $10,000 due under the divorce decree. When Mr. Petty failed to pay the remaining $6,500 to the child, Mrs. Petty brought this action.
The trial court erred when it modified the divorce decree, since the $10,000 lump sum child support payment became a final judgment on the date that it was due. We reverse the judgment of the trial court and remand the cause to that court for a proceeding consistent with this opinion. It is to be noted that this opinion relates only to the $10,000 which had previously become due. It is not to be concluded that the court may not order future child support. *Page 1290 
Mrs. Petty requested an award of attorney fees for this appeal. It is the judgment of the court that the wife be awarded the sum of $500 as attorney fees.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.