INGRAM, Presiding Judge.
After an ore tenus proceeding, the trial court modified several provisions of the parties’ 1986 divorce decree. The trial court also found that the father was in arrears in child support in the amount of $1,200.
The mother appeals to this court, contending that the trial court erred in its computation of the child support arrearage.
At the outset, we note that the law is well settled that accrued installments of child support are not subject to modification and become final judgments as of the date due. Petty v. Petty, 479 So.2d 1288 (Ala.Civ.App.1985).
Here, the trial court found that the father was in arrears in child support $100 per month, beginning 90 days after September 1, 1986. However, the trial court only found the father to be in arrears $1,200 as of November 1, 1988. Based on the trial court’s own findings of fact, the total of the accrued installments as of November 1, 1988, should have equaled $2,400 ($100 for 1986, $1,200 for 1987, and $1,100 for 1988).
As noted above, the trial court is not authorized to modify past due child support obligations. Petty, supra. Therefore, the trial court’s finding of $1,200 in arrearage is in error.
The mother also raises two other issues on appeal. However, we are unable to reach the merits of those issues because she cites no authority as required under Rule 28, Alabama Rules of Appellate Procedure. Lokey v. State Department of *1021 Industrial Relations, 527 So.2d 1326 (Ala.Civ.App.1988).
This ease is due to be reversed and remanded with instructions to enter a judgment consistent with this opinion.
REVERSED ÁND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.