This is an appeal from an order of income withholding entered by the Circuit Court of Tuscaloosa County pursuant to §30-3-62, Ala. Code 1975 (1983 Repl.Vol.).
The parties were divorced in 1976, with the custody of the minor child awarded to the mother. The father was ordered to pay $100 per month child support, beginning in February 1977. On August 30, 1988, a summons and petition for income withholding were filed by the State of Alabama on behalf of the mother. After an ore tenus proceeding, the trial court ordered the father to continue paying $100 per month as child support and found the father in arrears in the amount of $12,300. The trial court further found that $10,700 of the arrearage was owed to the State of Alabama and $1,600 was owed to the mother. The trial court then ordered that the income withholding order be served immediately upon the father's employer. The father now appeals to this court.
The father contends on appeal that the trial court erred in not applying the doctrine of laches to the instant case. We find no merit to this argument.
The doctrine of laches is applied when a delay will make it difficult or impossible to do justice. However, this principal has no basis for application when dealing with past-due child support payments from a valid divorce decree. Rudder v. Rudder,462 So.2d 732 (Ala.Civ.App. 1984). Furthermore, it is well settled that accrued installments of child support become a final judgment as of the date due and are not subject to change. Petty v. Petty, 479 So.2d 1288 (Ala.Civ.App. 1985).
The father raises several other issues on appeal. However, we are unable to consider these arguments in that the father completely failed to argue such issues in his brief. Rule 28, Alabama Rules of Appellate Procedure; Steeley v. Dunivant,522 So.2d 299 (Ala.Civ.App. 1988).
In view of the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.