L. CHARLES WRIGHT, Retired Appellate Judge.
Former wife appeals from an order denying her petition for rule nisi to find former husband in contempt for failure to pay child support and alimony. The order also failed to determine an amount of arrearage and enter judgment therefor.
The parties were divorced in December 1979. The decree awarded custody of the parties’ three children to the wife and directed the husband to pay $550 per month as child support and $200 per month as alimony. The alimony was to cease after one year. The wife filed her rule nisi petition alleging that the husband had failed to pay the support and alimony obligations since January 1980 and was $72,500 in arrears.
After ore tenus proceedings the trial court entered an order which is in pertinent part as follows:
“[T]he youngest child of these parties became the age of majority in 1986 and, while the [husband] has not paid child support as required by the previous order, the [wife] has requested funds in her original complaint which would have included [child support payments] after the youngest child turned 19 years of age. It is therefore
“ORDERED, ADJUDGED and DECREED that the obligation to pay child support on behalf of the [husband] no longer exists and no amount of arrearag-es [is] ascertained, and each party shall bear their own expenses of this proceeding.”
This is the only order entered since the original 1979 divorce decree.
On appeal the wife urges error upon the trial court for failure to calculate, and enter judgment for, the husband’s child support arrearage.
The husband counters by arguing the existence of an “agreement” between the parties, allowing the husband to make payments directly to the wife and children and, thus, that the wife should be “barred by laches, estoppel, waiver, or other equitable defense” from collecting such arrearage.
“Past due installments of child support create a final monied judgment therefor. Ex parte Morgan, 440 So.2d 1069 (Ala. 1983). Child support payments that mature before the filing of a petition are immune from change. Petty v. Petty, 479 So.2d 1288 (Ala.Civ.App.1985). When the trial court did not calculate the amount of the arrearage for child support and did not enter a monetary judgment therefor, the trial court, in effect, erroneously eliminated the final judgments for past due support which the [wife] already possessed, and those failures of the trial court would prevent the collection of the accrued final judgments.”
O’Neal v. O’Neal, 532 So.2d 649, 650 (Ala.Civ.App.1988) (citations omitted).
The trial court specifically found that the husband has failed to pay the child support as ordered in the divorce decree. The mother conceded at trial, and on appeal, that child support was no longer due after each child reached the age of nineteen. (We do not comment on the verity of such concession, as it is not properly before us.) However, there was never a change in the amount of child support due under the original divorce decree. Therefore, the original judgment as to child support must be considered to accrue in this case in full until all of the children had reached majority, or were no longer “dependent.” Ex parte Brewington, 445 So.2d 294 (Ala.1983); Davenport v. Davenport, 356 So.2d 205 *1061 (Ala.Civ.App.1978). Such an accumulated arrearage would be subject to credits as determined by the trial court from the evidence presented to it. Keller v. Keller, 370 So.2d 306 (Ala.Civ.App.), cert. denied, 370 So.2d 308 (Ala.1979).
We have reviewed the entire transcript of the evidence. The husband testified that he made cash contributions for the children, including paying fines to get one child out of jail. Such contribution has little, if any, relationship to the requirement of monthly child support. We find no other evidence of any material specific sums paid by the husband. During a substantial period of time the husband was incarcerated. It is unlikely that he contributed much during that period.
We find that the wife is entitled to a determination of the arrearage arising from the husband’s failure to pay child support as ordered by the divorce decree. If the husband can produce any factual evidence of contributions which would, in equity, entitle him to credit against such arrearage, he would be entitled to do so. The record does not substantially support any amount of such credits.
We reverse the judgment insofar as it fails to determine an amount of arrearage in child support and the amount of credit which may offset that arrearage. We remand for the purpose of such determination from the present record, if possible, or the taking of additional evidence as necessary to reach such result and rendering judgment thereon.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.