This case involves post-divorce proceedings.
The parties were divorced in 1976. Custody of the parties' minor child was awarded *Page 658 
to Harriett Elizabeth Cartron (wife). The divorce decree incorporated an agreement between the parties which provided that Clement J. Cartron (husband) was to pay child support in the amount of $250 per month and alimony in the amount of $100 per month. Furthermore, the wife was awarded 15% of all taxable income that the husband receives in excess of $24,000.
In April of 1988 the wife filed a petition, seeking to modify the amount of child support. She also filed a petition for rule nisi, seeking to have the husband held in criminal contempt for his failure to pay both child support and alimony. The husband counter-petitioned, seeking a reduction of the child support and alimony awards and a modification of the percentage alimony provision.
Following an ore tenus proceeding, the trial court granted the wife's petition to modify, increasing the husband's child support obligation to $500 per month. The trial court further found the husband to be in criminal contempt and, in addition to fining him $100, sentenced him to five days' imprisonment. That sentence was suspended contingent upon the husband's timely repayment of his past-due obligations.
The trial court also determined that the husband was $43,178 in arrears as regards the payment of "percentage alimony," although his failure to pay such alimony was found not to be contumacious. Finally, the wife was awarded an attorney fee in the amount of $25,000. All other requested relief was denied.
The husband appeals. We affirm.
Initially, we note that the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). Moreover, alimony, child support, and their subsequent modifications are matters resting within the sound discretion of the trial court and will not be reversed absent a showing of abuse of that discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985).
As regards this court's review of a finding of contempt, we will not look to the weight and sufficiency of the evidence, but instead are limited to a determination of whether any evidence exists which supports the trial court's finding.McKeever v. McKeever, 528 So.2d 856 (Ala.Civ.App. 1988);Blankenship v. Blankenship, 420 So.2d 279 (Ala.Civ.App. 1982).
The husband first challenges the trial court's finding of criminal contempt, asserting that he did not have the ability to pay the child support and alimony as ordered in the original divorce decree. Inability to pay on a timely basis is a complete defense to contempt. Hurd v. Hurd, 485 So.2d 1194
(Ala.Civ.App. 1986).
Our review of the record leads us to the conclusion that there was evidence before the trial court sufficient to support its conclusion that the husband had the ability to pay child support and alimony as those amounts became due. During the years in question, the husband resided in a home estimated to be worth $230,000. Furthermore, the husband owned several expensive automobiles, which could have been utilized to satisfy his court ordered obligations.
There was further evidence that the husband was a member of two country clubs, each costing him a large sum annually. During the period in question, he also purchased a condominium in Florida, as well as a one-half interest in an office building located in Huntsville.
Finally, although the husband's financial records reveal that his annual income fluctuated during this period, it does not appear that he was, at anytime, without the present ability to pay the $350 monthly award of alimony and child support. Our review of the evidence indicates that the trial court's judgment is supported by the evidence, and, therefore, is due to be affirmed.
The husband next contends that the trial court abused its discretion by refusing to modify the percentage alimony provision of the original decree. He argues that the wife has an income of approximately $30,000 per year and that, consequently, she is no longer in need of such support.
He further states that the disputed provision was designed to allow him to pay *Page 659 
alimony in taxable dollars and that the $24,000 benchmark is inequitable due to tax code revisions which no longer permit income averaging. He suggests that the $24,000 benchmark established in 1976 has a current value of $51,936 and, thus, that the wife is receiving an unintended benefit.
The record reveals, however, that one of the intended purposes of the percentage alimony award was to compensate the wife for having supported the husband throughout his law school career. Furthermore, by his own estimation the husband's income in 1987 was in excess of $200,000, and in 1988 he claimed to have an average income of over $100,000 per year.
Clearly, such testimony indicates that he possesses the ability to pay percentage alimony as awarded in the original divorce decree. Reviewing the record with the attendant presumptions of correctness, we are not persuaded that the trial court abused its discretion. Therefore, we affirm the trial court's denial of the husband's petition to modify.
The husband next contends that the wife is estopped from asserting a claim for any arrearage due to her delay in seeking such relief. The trial court, however, found that the facts did not support such a conclusion and that any difficulty in determining the amount of the husband's arrearage resulted not from the wife's delay in commencing this action, but from the manner in which the husband recorded his financial affairs.
We note that the defense of laches is not applicable to an action for nonpayment of child support or alimony. Rudder v.Rudder, 462 So.2d 732 (Ala.Civ.App. 1984). Rather, such payments constitute final judgments from the date that they become due and, thus, are subject to a twenty-year statute of limitations. Solinger v. Solinger, 57 Ala. App. 225,327 So.2d 721 (Ala.Civ.App. 1975). Therefore, we find no error with respect to this issue.
The husband also contends that the trial court improperly failed to give effect to what he states was the parties' intended purpose in including a provision that, on its face, provides for child support beyond the child's reaching the age of majority. That agreement states that the husband is to pay child support in the amount of $250 per month until such time as the child becomes twenty-one, marries, or is otherwise emancipated.
The husband testified that it was the intent of the parties that the phrase "or otherwise becomes emancipated" was intended to include the child's reaching the age of majority, which in this state is nineteen years of age. Here the trial court apparently construed the terms of the agreement so as to agree with the wife's testimony that the phrase "or otherwise becomes emancipated" was not intended to relieve the husband of his support obligation due to any change in the statutory legal age in Alabama.
Furthermore, the trial court found that there was no evidence that the child had "otherwise become emancipated." Thus, we find no error with respect to this issue:
Finally, the husband contends that the trial court abused its discretion in awarding the wife an attorney's fee in the amount of $25,000. We note that, where an award of attorney's fees is proper, the trial court will not be reversed absent a palpable abuse of discretion. Bell v. Bell, 443 So.2d 1258
(Ala.Civ.App. 1983). A trial court can award an attorney's fee in an action seeking modification of a prior divorce decree. Id.
At trial, testimony was adduced that the wife's actual legal expenses were in excess of $41,000 and, furthermore, that this amount represented a reasonable fee. In light of such testimony, we find no abuse of discretion as regards this issue.
Consequently, this case is due to be affirmed.
The wife has requested an attorney's fee for representation on appeal. This request is granted in the amount of $2,000.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 660