ROBERTSON, Judge.
The father and the mother were divorced in 1971. The divorce was obtained by default because the location of the father was unknown. Pursuant to the divorce decree, the following provision was entered concerning child support for the parties’ daughter, who at the time of the divorce was three years old:
"... Upon the ascertaining of the whereabouts of the respondent [father] and should he come back to the State of Alabama, a reference shall be held to determine the amount of child support to be paid to the complainant [mother] for the maintenance of the minor child born of this marriage.”
In September 1989, after the child had become an adult, the mother filed a motion in which she alleged that the father had returned to Alabama and in which she requested a determination of back child support. The trial court denied her request, applying the doctrine of laches. Specifically, the trial court ordered:
"... The plaintiff [mother] failed to notify the court or file an appropriate motion to set child support after learning the whereabouts of the defendant [father] and the motion to reimburse is hereby denied.”
The mother appeals.
This court has previously held that the doctrine of laches “has no basis for application when dealing with past-due *692 child support payments from a valid divorce decree.” Davis v. State, 550 So.2d 1034 (Ala.Civ.App.1989) (emphasis added). Here, however, the court never fixed a child support obligation. Thus, no payments have ever actually accrued.
We would also note that the daughter is now 22 years old and is married. Further, evidence suggested that the whereabouts of the father within the state of Alabama were known to the mother during the child’s minority.
Although the doctrine of laches is inapplicable to past due child support payments, Davis, we can not find that the trial court erred in applying laches to this particular fact situation.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.