YATES, Judge.
In this post-divorce ease, the trial court found, among other things, that William Trimble (father) was in arrears on previously-ordered child support and mortgage payments to Juanita Williams Trimble (mother) in the amount of $6,140. The father appealed.
On appeal, the father first argues that the divorce judgment contains language allowing him to unilaterally reduce his child support payments as each of the parties’ children reaches the age of majority. As to this argument, the father cites no authority as required by Rule 28, Alabama Rules of Appellate Procedure (A.R.App.P.); nevertheless, we note that such an interpretation by the father is misplaced and is inconsistent with Alabama law.
Our review of the divorce judgment reveals no such language granting the father a unilateral reduction. In fact, the father admits this in his testimony at trial. Furthermore, case law states that a party has no right to unilaterally reduce child support payments without consent from the court. Phillippi v. State ex rel. Burke, 589 So.2d 1308 (Ala.Civ.App.1991).
In his second and third issues, the father argues that the doctrine of laches and the mother’s acquiescence preclude recovery by the mother of any child support arrear-age. Specifically, the father asserts that the mother’s delay of 3½ years before commencing legal action to collect the arrearage should prevent the mother from collecting any past-due amounts. We find these assertions to be completely without merit.
“[T]he defense of laches is not applicable to an action for non-payment of child support or alimony. ... Rather, such payments constitute final judgments from the date that they become due and, thus, are subject to a twenty-year statute of limitations.” Cartron v. Cartron, 565 So.2d 656, 659 (Ala.Civ.App.1990). (Citation omitted.)
Based on the foregoing, the judgment of the trial court is due to be affirmed. The mother’s request for an attorney’s fee on appeal is granted in the amount of $550. Also, in her brief, the mother files a motion for damages pursuant to Rule 38, A.R.App. P., alleging that this appeal is frivolous and is prosecuted without legal basis. We agree and grant the mother’s motion for damages in the amount of $450.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J, concur.