PITTMAN, Judge.
 

 Brenda Elaine Hobson Williams (“the mother”) appeals from a judgment of the Etowah Circuit Court granting a motion filed by Joseph Davis Hobson (“the father”) to dismiss the mother’s action seeking to enforce the child-support provisions of a judgment entered in 1984. We reverse and remand.
 

 The parties were divorced in September 1982 by a judgment of the Hale Circuit Court in which the father was ordered to pay the mother $50 per month as support for the parties’ minor child. After the father failed to make child-support payments, the mother sought to enforce the judgment in the Hale Circuit Court; in response, that court entered a judgment in March 1984 finding the father in contempt and calculating an arrearage to be discharged immediately by the father. As a component of that judgment, the Hale Circuit Court prospectively modified the father’s child-support obligation as follows:
 

 “Henceforth, beginning the month of April, 1984, and before the 10th day of said month, the [father] shall report in writing to the Clerk of this Court all income received by him whether earned, given, borrowed, or from whatever source or kind or description.
 
 Twenty percent (20%) of all said support shall be paid to the Clerk of this Court as child support for said minor child.
 
 Additionally, with each monthly report, the [father] shall state therein to the Clerk of the Court all efforts made by him during that month preceding of attempts to secure work or employment [and] the failure to file a written report shall subject the [father] to further contempt action by this Court.”
 

 
 *632
 
 In June 2007, the mother filed her complaint in the Etowah Circuit Court seeking to have the father held in contempt for, she alleged, having failed to make reports to the Hale Circuit Court and for having failed to pay child support as directed in the divorce judgment, as amended; copies of the two judgments were attached as exhibits to her complaint. The father filed a motion to dismiss, asserting that the mother’s complaint was barred by the equitable doctrine of laches; he alleged that any payments he might have made under the terms of the divorce judgment, as amended, would necessarily be obscured by the lapse of, time. The trial court scheduled a hearing on the father’s motion; however, rather than solely considering the allegations of the complaint, the trial court apparently heard, and did not exclude, testimony from the parties before entering a judgment granting the relief requested by the father, from which the mother has appealed.
 

 Although a motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim may properly, in some circumstances, be based upon an affirmative defense such as laches when the face of the complaint itself shows that the affirmative defense bars the claim,
 
 see Williams v. Nash,
 
 428 So.2d 96, 99-100 (Ala.Civ. App.1983), the trial court’s reception of extraneous evidence resulted in the conversion of the father’s motion to one seeking a summary judgment.
 
 See
 
 Rule 12(b), Ala. R. Civ. P. (“If, on a motion asserting the ... failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for [a] summary judgment.”). It is well settled that “we review a summary judgment
 
 de novo
 
 ” and that “ ‘a summary judgment carries no presumption of correctness.’ ”
 
 Lary v. Worlcr-Loss Data Inst.,
 
 911 So.2d 18, 20 (Ala.Civ.App.2005). On a motion for a summary judgment, “[t]he moving party bears the burden of ... showing that it is entitled to a judgment as a matter of law.”
 
 White v. Howie,
 
 677 So.2d 752, 753 (Ala. Civ.App.1995).
 

 On appeal, the mother contends that the trial court erred in granting the father’s motion because, she says, laches is not a valid defense to an action seeking to enforce a child-support obligation. The mother’s contention is a sound one. As we recently stated in
 
 Mills v. Dailey,
 
 [Ms. 2060807, July 3, 2008]-So.3d-(Ala. Civ.App.2008), “Alabama law has long held that the defense of laches is inapplicable to actions enforcing child-support obligations.” — So.3d at-(citing, among other cases,
 
 Trimble v. Trimble,
 
 628 So.2d 789 (Ala.Civ.App.1993));
 
 see also Carltron v. Carltron,
 
 565 So.2d 656, 659 (Ala.Civ. App.1990) (“[T]he defense of laches is not applicable to an action for nonpayment of child support or alimony. ... Rather, such payments constitute final judgments from the date that they become due and, thus, are subject to a twenty-year statute of limitations.”).
 
 [1]
 

 In response to the line of authority relied upon by the mother, the father asserts that
 
 Moffett v. Moffett,
 
 570 So.2d 691 (Ala. Civ.App.1990), instead controls. In
 
 Mof-fett,
 
 we affirmed a trial court’s refusal of a mother’s 1989 request to determine back child support pursuant to a 1971 default divorce judgment. Notably, however, that judgment had provided that if the father’s
 
 *633
 
 whereabouts could be ascertained and the father were to return to Alabama, a “ ‘reference’ ” would be held “ ‘to determine the amount of child support
 
 to be paid
 
 to the ... [mother] for the maintenance of ” the parties’ minor child. 570 So.2d at 691 (emphasis added). We noted that although laches does not apply to “ ‘past-due child support
 
 payments,’”
 
 the trial court in
 
 Moffett
 
 had “never fixed a child support obligation.”
 
 Id.
 
 at 691-92 (quoting
 
 Davis v. State ex rel. Sledge,
 
 550 So.2d 1034, 1035 (Ala.Civ.App.1989)).
 

 Moffett
 
 is distinguishable because the Hale Circuit Court’s 1984 judgment
 
 did
 
 fix a child-support obligation, albeit one that is denominated not as a stated sum of dollars and cents but as a percentage of the father’s income. Although the income terms of the 1984 judgment of the Hale Circuit Court may be remarkable, that judgment is not uniquely susceptible to the application of the doctrine of laches as was the judgment in
 
 Moffett,
 
 which essentially contained a provision deferring to subsequent proceedings a decision regarding the imposition of
 
 any
 
 child-support obligation upon the father in that case. Here, however, the judgment sought to be enforced by the mother is of a class of judgments that we have previously held enforceable by contempt proceedings directed to ascertaining the income that the judgment debt- or has earned for the pertinent period.
 
 See Sartin v. Sartin,
 
 678 So.2d 1181, 1182 (Ala.Civ.App.1996) (affirming 1995 judgment holding father in contempt of court for failing to pay alimony and child support under 1979 divorce judgment setting consolidated payment obligation of “ ‘an amount equal to twenty-five percent of the [father’s] net income’”). Thus,
 
 Moffett
 
 does not amount to authority supporting the trial court’s summary judgment.
 

 The father also contends that because the trial court’s judgment is based, in part, upon oral testimony, and because no transcript of that testimony or acceptable substitute for such a transcript (see
 
 generally
 
 Rules 10(d) and 10(e), Ala. RApp. P.) appears in the record, this court must conclusively presume that the evidence supports the trial court’s judgment and affirm. To be sure, “where
 
 no record
 
 is presented for review, this court may not reverse”
 
 (In re Coleman,
 
 469 So.2d 638, 639 (Ala.Civ.App.1985) (emphasis added)); however, the appellant has the responsibility only “to provide enough of the record to support the issues presented.”
 
 State v. Robinson,
 
 510 So.2d 834, 835 (Ala.Civ.App.1987). Thus, we have properly held that “[a]n appellant is not required to include the trial transcript in the record on appeal when the transcript is not necessary to decide the issue presented for review,” such as when the question presented “is one of law, not fact.”
 
 Douglass v. Allen,
 
 574 So.2d 39, 41 (Ala.Civ.App. 1990). Here, no amount of testimony can alter the effect of the legal principle that laches is simply not a proper defense to an action to recover child support that is unpaid.
 

 In this case, the trial court erred in concluding that, by asserting the defense of laches, the father had met his burden of showing that he was entitled to a judgment as a matter of law. The judgment of the Etowah Circuit Court is reversed, and the cause is remanded for further proceedings.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . We note that Ala.Code 1975, § 6-9-191, provides that a rebuttable presumption that a judgment has been satisfied will arise after 10 years has elapsed from the entry of a judgment without issue of execution. However, the effect of that statute upon the mother's claim in this case has not been raised or argued, and we need not consider it further.