THOMAS, Judge.
 

 The State Department of Human Resources (“DHR”) appeals from a judgment of the Mobile Circuit Court denying its petition to void the marriage of Samantha Lott and Timothy Mosely. We affirm.
 

 In June 2007, DHR filed a dependency petition in the Mobile Juvenile Court, alleging that 13-year-old Samantha Lott was dependent. Following a hearing, at which the juvenile court was presented with a copy of a marriage certificate indicating that Lott had married 19-year-old Timothy Mosely in South Carolina on June 4, 2007, the juvenile court determined that Lott was no longer under the jurisdiction of the juvenile court and dismissed the dependency petition.
 
 [1]
 

 
 *106
 
 On July 26, 2007, DHR filed in the Mobile Circuit Court a “Petition to Void Marriage or, in the Alternative, for Declaratory Judgment,” alleging that Lott’s marriage to Mosely failed to comply with South Carolina law and requesting the court to declare the marriage void. Lott moved to dismiss the petition, alleging that she had complied with South Carolina law, which “allows the marriage of a 13-year-old female if she is pregnant, has a physician’s statement verifying same, and the consent of her parents.” Lott attached to her motion a laboratory report and a physician’s certificate indicating that Lott was pregnant on June 1, 2007; a notarized statement by Lott’s father, dated May 31, 2007, indicating that he consented to Lott’s marriage; and a “License and Certificate for Marriage” issued on June 1, 2007, by the Probate Judge of Florence County, South Carolina. Lott further alleged that she was then 14 years old and the mother of a healthy baby boy. Following a hearing on March 18, 2008, at which counsel for the parties presented legal arguments to the court, the circuit court, on March 28, 2008, denied DHR’s petition to void the marriage. DHR timely appealed to this court on April 18, 2008.
 

 Standard of Review
 

 A trial court’s conclusions on legal issues carry no presumption of correctness on appeal.
 
 Ex parte Cash,
 
 624 So.2d 576, 577 (Ala.1993).
 

 “ ‘Where the facts are not in dispute and we are presented with a pure question of law, as here, this Court’s review is de novo.’
 
 Christian v. Murray,
 
 915 So.2d 23, 25 (Ala.2005) (citing
 
 State v. American Tobacco Co.,
 
 772 So.2d 417, 419 (Ala.2000),
 
 Ex parte Graham,
 
 702 So.2d 1215, 1221 (Ala.1997), and
 
 Beavers v. County of Walker,
 
 645 So.2d 1365, 1372 (Ala.1994)).”
 

 Ex parte Barnett,
 
 978 So.2d 729, 731 (Ala.2007).
 

 Whether DHR Had Standing to Challenge the Validity of the Mamage
 

 The general rule is that the validity of a marriage is determined by the law of the place where it is contracted; if it is valid there, it will be recognized as valid everywhere, unless recognition is contrary to a strong public policy of the state of the parties’ domicile.
 
 See Smith v. Goldsmith,
 
 223 Ala. 155, 157, 134 So. 651, 652 (1931).
 
 Accord Zwerling v. Zwerling,
 
 270 S.C. 685, 686, 244 S.E.2d 311, 312 (1978). In both Alabama,
 
 see Owen v. Coffey,
 
 201 Ala. 531, 78 So. 885 (1918);
 
 Beggs v. State,
 
 55 Ala. 108 (1876), and South Carolina,
 
 see State v. Sellers,
 
 140 S.C. 66, 134 S.E. 873 (1926), the marriage of a person under the age of consent is not void, but voidable. Generally, “[ojnly in a direct action brought by one of the parties to the marriage against the other party can a voidable marriage be challenged and judicially declared invalid.” 52 Am.Jur.2d
 
 Mamage
 
 § 81 (2008).
 

 Although neither party has questioned DHR’s standing to challenge the validity of Lott’s marriage to Mosely, we must address that issue because the issue of standing implicates a court’s subject-matter jurisdiction.
 
 State v. Property at
 
 
 *107
 

 2018 Rainbow Drive,
 
 740 So.2d 1025, 1028 (Ala.1999).
 

 “When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.
 
 Barshop v. Medina County Underground Water Conservation District,
 
 925 S.W.2d 618, 626 (Tex.1996) (‘Standing is a necessary component of subject matter jurisdiction’). See also
 
 Raines v. Byrd,
 
 521 U.S. 811, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997);
 
 Lewis v. Casey,
 
 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996);
 
 United States v. Hays,
 
 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (“‘standing ‘is perhaps the most important of [the jurisdictional] doctrines’ ” ’);
 
 National Organization for Women, Inc. v. Scheidler,
 
 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (‘Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.’);
 
 Romer v. Board of County Comm’rs of the County of Pueblo, ...
 
 956 P.2d [566] at 585 [ (Colo.1998) ] (‘standing is a jurisdictional prerequisite to every case and may be raised at any stage of the proceedings’) (Martinez, J., dissenting).”
 

 Id.
 

 In
 
 Lott v. Toomey,
 
 477 So.2d 316 (Ala.1985), the Alabama Supreme Court held that the administratrix of a decedent’s estate had standing to litigate the invalidity of the decedent’s common-law marriage because, if the marriage were proven invalid, the administratrix would be the correct party to litigate an action alleging that a third-party tortfeasor had wrongfully caused the death of the decedent. We conclude that
 
 Lott v. Toomey
 
 is analogous to the present case and, therefore, that DHR had standing to litigate the question whether Lott’s marriage to Mosely was valid because, if the marriage were determined to be invalid, DHR would be the proper party to initiate a proceeding alleging that Lott was dependent.
 

 Analysis
 

 The age of consent for marriage in South Carolina is 16.
 
 See
 
 § 20-1-100, S.C.Code Ann.1976 (providing that “[a]ny person under the age of sixteen is not capable of entering into a valid marriage”). Section 20-1-300, S.C.Code Ann.1976, however, states an exception to the requirement in § 20-1-100 that a person be 16 years old to marry. Section 20-1-300 provides:
 

 “Notwithstanding the provisions of §§ 20-1-250 to 20-1-290,[
 
 2
 
 ] a marriage license may be issued to
 
 an unmarried female and male under the age of eighteen years
 
 who could otherwise enter into a marital contract, if such female be pregnant or has borne a child, under the following conditions;
 

 “(a) The fact of pregnancy or birth is established by the report or certificate of at least one duly licensed physician;
 

 
 *108
 
 “(b) She and the putative father agree to marry;
 

 “(c) Written consent to the marriage is given by one of the parents of the female, or by a person standing in loco parentis, such as her guardian or the person with whom she resides, or, in the event of no such qualified person, with the consent of the superintendent of the department of social services of the county in which either party resides;
 

 “(d) Without regard to the age of the female and male; and
 

 “(e) Without any requirement for any further consent to the marriage of the male.”
 

 (Emphasis added.)
 

 DHR argues that the marriage did not comply with South Carolina law because Mosely, who was 19 years old at the time of the parties’ marriage, was not a “male under the age of eighteen years,” as is required, according to DHR, by the first sentence of § 20-1-300 in order to bring the proposed marriage within the purview of the statute. DHR cites no authority for that argument, and we have found no South Carolina caselaw construing § 20-1-300. We have, however, located a South Carolina attorney general’s opinion construing the predecessor to 20-1-300
 
 [3]
 
 that is persuasive authority, see
 
 Branch v. City of Myrtle Beach,
 
 332 S.C. 575, 579, 505 S.E.2d 925, 927 (Ct.App.1998), reversed on another ground, 340 S.C. 405, 532 S.E.2d 289 (2000), for the proposition that a male need not be
 
 “under
 
 the age of eighteen years” to come within the purview of § 20-1-300. (Emphasis added.) In Opinion of the South Carolina Attorney General No. 3175 (September 14, 1971), it was determined that “[a] female, single, twelve years of age and pregnant[,] and
 
 a male, eighteen years of age,
 
 who admits paternity,” and “who otherwise meet[] the requirements of Section 20-24.5,” S.C.Code 1962, as amended, “may be issued a marriage license.” (Emphasis added.)
 

 The age of majority in South Carolina is 18.
 
 See
 
 S.C. Const. Art. XVII, § 14 (“Every citizen who is eighteen years of age or older, not laboring under disabilities prescribed in this Constitution or otherwise established by law, shall be deemed sui juris and endowed with full legal rights and responsibilities, provided, that the General Assembly may restrict the sale of alcoholic beverages to persons until age twenty-one.”); § 15-l-320(a), S.C.Code Ann.1976 (providing that “[a]ll references to minors in the law of this State shall after February 6, 1975, be deemed to mean persons under the age of eighteen years except in laws relating to the sale of alcoholic beverages”).
 

 In South Carolina, an individual who is under the age of consent is presumed to be incapable of consenting to marriage.
 
 See State v. Sellers,
 
 supra. On the other hand, an adult — i.e., one who is 18 years old (as was the prospective groom in 1970-71,
 
 see
 
 S.C. Att’y Gen. Op. No. 3175 (September 14, 1971)), or one who is 19 years old, as was Mosely — is presumed capable of consenting to marriage. Therefore, it stands to reason that § 20-1-300, which outlines an exception to the law prohibiting the marriage of underage individuals, addresses only what underage individuals must prove in order to be eligible to marry, and does not address what an adult must prove in order to be eligible to marry. Thus, the attorney general’s opinion advises that a marriage between an 18-year-old groom— an adult — and a 12-year-old pregnant
 
 *109
 
 bride is valid. The South Carolina probate court officials who issued the marriage license in this case obviously concluded that a marriage between a 19-year-old groom — an adult — and a 13-year-old pregnant bride was also valid.
 

 Moreover, in South Carolina, if a marriage is voidable because either or both of the parties are underage, the marriage may be declared void only when it has “not been consummated by the cohabitation of the parties.”
 
 State v. Sellers,
 
 140 S.C. at 76, 134 S.E. at 876.
 
 See
 
 § 20-1-530, S.C.Code Ann.1976 (providing that if the marriage contract “has not been consummated by the cohabitation of the parties thereto the court may declare such contract void for want of consent of either of the contracting parties or for any other cause going to show that, at the time the supposed contract was made, it was not a contract”). At the March 18, 2008, hearing, Lott’s counsel represented to the circuit court that the parties had returned to Alabama after their marriage in South Carolina and had been “living in the home [of Lott’s parents] on about a 25-acre piece of property up there in Citronelle, and [Mosely] is working 50 hours a week laying tile with Mr. Lott. He’s providing for this young lady and this child and everything appears to be going along quite well.”
 

 The circuit court did not err in denying DHR’s petition to void the parties’ marriage. The judgment of the Mobile Circuit Court is affirmed.
 

 AFFIRMED.
 

 PITTMAN, J., concurs.
 

 THOMPSON, P.J., and BRYAN and MOORE, JJ., concur in the result, without writings.
 

 [1]
 

 . The juvenile court lias “exclusive original jurisdiction of proceedings in which a child is
 
 *106
 
 alleged to be ... dependent. ...” § 12 — 15— 30(a), Ala.Codc 1975. A child is ”[a]n individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual's 18th birthday.” § 12-15-1(3), Ala.Code 1975. The marriage of a minor child results in the emancipation of the child.
 
 See Morgan v. Morgan,
 
 275 Ala. 461, 156 So.2d 147 (1963);
 
 Owens v. Owens,
 
 412 So.2d 820 (Ala.Civ.App.1982); and
 
 Oakes v. Cummings,
 
 47 Ala.App. 327, 253 So.2d 784 (Civ.App.1971).
 

 [2]
 

 . Those code sections provide, in pertinent part, that an applicant for a marriage license who is between the ages of 16 to 18 and who resides with a parent, relative, or guardian must have the consent of the parent, relative, or guardian (§ 20-1-250); that a marriage license shall not be issued to anyone under the age of 18 without verified proof of age (§ 20-1-260); that persons over the age of 18 and under the age of 25 must provide documentary proof of age (§ 20-1-270); that furnishing false affidavits in support of an application for a marriage license is a misdemeanor (§ 20-1-280); and that the willful failure of any officer responsible for the issuance of marriage licenses to comply with the terms of § 20-1-250, -260, and -270 "shall be grounds or cause for removal from office” (§ 20-1-290).
 

 [3]
 

 . The predecessor statute, § 20-24.5, S.C.Code 1962 (1970 Cum.Supp.), was identical, in all material respects, to § 20-1-300.