BRYAN, Judge.
Cedric Taylor appeals from a judgment entered by the Jefferson Circuit Court (“the trial court”) in a postdivorce proceeding. The only issue raised by Cedric on appeal is whether the trial court erred by failing to approve his proposed statement of the evidence made pursuant to Rule 10(d), Ala. RApp. P. We conclude that the sole issue raised in Cedric’s appeal is moot and that the trial court’s judgment is therefore due to be affirmed.
On November 10, 2010, Judge Ralph Ferguson entered a judgment ruling on all pending relief requested by the parties in case no. DR-99-292.02. The judgment stated that Robin B. Taylor had appeared at trial pro se, that Cedric had appeared at trial with his attorney, and that the judgment was based on legal evidence and ore tenus testimony. Cedric filed a timely postjudgment motion challenging various parts of the trial court’s judgment. Judge Ferguson denied Cedric’s postjudgment motion after conducting a hearing, and Cedric filed a timely notice of appeal on February 9, 2011. Sometime after Judge Ferguson ruled on Cedric’s postjudgment motion, Judge Ferguson retired.
On February 22, 2011, Cedric filed a motion to certify a proposed statement of the evidence pursuant to Rule 10(d) with the trial court. Cedric’s motion indicated that a copy of that motion had been mailed to Robin at an address in San Antonio, Texas. Cedric attached his proposed statement of the evidence to his motion. On February 25, 2011, Judge Julie Palmer, who had been assigned the case after Judge Ferguson retired, entered an order denying Cedric’s motion because she had not been the trial judge who heard the case and, thus, it was impossible for her to approve Cedric’s proposed statement of the evidence.
On March 31, 2011, Cedric filed, in this court, a motion requesting that this court certify his attached proposed statement of the evidence pursuant to Rule 10(g), Ala. R.App. P. (providing the procedure for supplementing the record on appeal), and to direct the trial court to include his proposed statement of the evidence in the record. On April 1, 2011, an attorney filed a notice of appearance in this court on behalf of Robin. On the same day, Robin filed an objection to Cedric’s motion, alleging that Robin had not received notice of Cedric’s motion to certify the proposed statement of the evidence and that she had been denied her right to object to Cedric’s proposed statement of the evidence. On *143 April 26, 2011, this court asked the parties to address the applicability of Quick v. Burton, 960 So.2d 678 (Ala.Civ.App.2006), by briefs. After both parties complied, this court issued an order on May 11, 2011, that reinvested the trial court with subject-matter jurisdiction for 21 days to determine whether Robin had been properly served with and had been given the opportunity to object to Cedric’s proposed Rule 10(d) statement of the evidence. On June 1, 2011, after a review of the case file, the trial court entered an order finding that Robin had not been properly served with Cedric’s motion to certify the proposed statement of the evidence. The trial court ordered the clerk of the trial court to resend a copy of all pleadings filed on or after February 22, 2011, to Robin at the same address in San Antonio that Cedric’s initial February 22, 2011, motion to certify the proposed statement of the evidence had been sent. The trial court further ordered Robin to respond to Cedric’s motion to certify the proposed statement of the evidence within 20 days from the date of the order.
On June 28, 2011, Cedric filed a second motion to certify a proposed statement of the evidence pursuant to Rule 10(d). Cedric alleged that Robin had not responded to his proposed statement of the evidence within the time prescribed by the trial court. Thus, Cedric asked the trial court to certify the proposed statement of the evidence attached to his motion. The trial court set Cedric’s motion for a hearing on July 6, 2011. On June 28, 2011, this court entered an order reinvesting the trial court with jurisdiction through July 27, 2011, to “settle the record.” On July 7, 2011, the trial court entered an order that required Robin to respond to Cedric’s motion to certify his proposed statement of the evidence on or before July 25, 2011. On July 24, 2011, Robin filed an objection to Cedric’s motion to certify the proposed statement of the evidence. Robin stated that she had not been properly served with Cedric’s Rule 10(d) motions and that Cedric’s proposed statement of the evidence contained errors, misstatements, and omissions that were critical to the appeal of the judgment. Robin further argued that Judge Palmer could not approve the proposed statement of the evidence because she was not the trial judge that had heard the evidence presented and that Cedric should not be able to change or add to the record because he had failed to hire a court reporter. Cedric filed a brief with the trial court on July 26, 2011, addressing the arguments raised by Robin. On July 26, 2011, the trial court entered a judgment denying Cedric’s motion to certify his proposed statement of the evidence. On July 27, 2011, this court entered an order setting the briefing schedule for Cedric’s appeal of the trial court’s judgment.
The entirety of Cedric’s brief on appeal is related to his attempts to have a Rule 10(d) statement of the evidence approved by the trial court after he filed a notice of appeal from the trial court’s judgment. He argues that, for various reasons, the trial court, or this court, should have approved his proposed statement of the evidence. However, on appeal, Cedric fails to challenge any part of the judgment that he appealed from. Thus, even if we were to conclude that the trial court should have approved his proposed Rule 10(d) statement of the evidence, Cedric has presented no substantive issues for our review. See Green v. Wedowee Hosp., 584 So.2d 1309, 1311 n. 4 (Ala.1991) (“[A] party’s failure to argue an issue in brief to an appellate court is tantamount to a waiver of that issue on appeal and ... an appellate court will consider only those issues that have been properly delineated and will not search the record for errors that have not been raised before the appellate court.”).
*144 In his brief, Cedric states that “if there is no statement of the evidence there is nothing [for this court] to review.” Cedric’s brief, at p. 22. However, a more accurate statement of the law is that if there is no transcript of the ore tenus hearing and no statement of the evidence pursuant to Rule 10(d), “this court must assume that the evidence before the trial court was sufficient to support its judgment.” Grimes v. Grimes, 601 So.2d 1053, 1054 (Ala.Civ.App.1992) (citing Brown v. Brown, 513 So.2d 617 (Ala.Civ.App.1987)). However, the absence of a transcript or a Rule 10(d) statement of the evidence does not necessarily leave nothing for this court to review. In Williams v. Hobson, 5 So.3d 630, 633 (Ala.Civ.App.2008), we addressed the legal arguments of an appellant in an appeal in which the record did not include a transcript of the ore tenus proceedings or a Rule 10(d) statement of the evidence. We stated “that ‘[a]n appellant is not required to include the trial transcript in the record on appeal when the transcript is not necessary to decide the issues presented for review,’ such as when the question presented ‘is one of law, not fact.’ ” Id. (quoting Douglass v. Allen, 574 So.2d 39, 41 (Ala.Civ.App.1990)). Because Cedric has failed to raise a single argument in his brief on appeal as to why any part of the trial court’s judgment was made in error, we cannot conclusively determine that a Rule 10(d) statement of the evidence was necessary to the resolution of his appeal.
Without a substantive challenge to any part of the trial court’s judgment in his brief on appeal from that judgment, there is no reason for this court to determine the propriety of the trial court’s failure to approve Cedric’s proposed Rule 10(d) statement of the evidence. Accordingly, we conclude that the single argument raised in Cedric’s appeal is moot, and, thus, the trial court’s judgment is due to be affirmed.
AFFIRMED.
PITTMAN, J., concurs.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur in the result, without writings.